1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>DOUGLAS BOWEN (1),<br><br>            Defendant. | Case No. <u>19-cr-03627-CAB</u><br><br><u>S U P E R S E D I N G</u><br><u>I N F O R M A T I O N</u><br><br>Title 21, U.S.C., Secs. 841(a)(1) and 846 - Conspiracy to Distribute Controlled Substances; Title 18, U.S.C., Secs. 1956(h), 1956(a)(1)(A)(i) and (a)(1)(B)(i)- Conspiracy to Launder Money; Title 21, U.S.C., Sec. 853 and Title 18, U.S.C., Sec. 982 - Criminal Forfeiture |
|---|---|

<u>Count 1</u>

Beginning on a date unknown and continuing up to and including September 13, 2019, within the Southern District of California and elsewhere, defendant, DOUGLAS BOWEN, did knowingly and intentionally conspire with other persons known and unknown, to distribute to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, and a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

MJS:San Diego:3/31/21

<u>Count 2</u>

Beginning on a date unknown and continuing up to and including September 13, 2019, within the Southern District of California and elsewhere, defendant DOUGLAS BOWEN, did knowingly and intentionally conspire with other persons known and unknown, to conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious distribution of controlled substances punishable under Title 21, United States Code, Chapter 13,

    a. with the intent to promote the carrying on of such specified unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

    b. knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and while conducting and attempting to conduct such financial transactions knew the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

<u>FORFEITURE ALLEGATION</u>

1. The allegations contained in Counts 1 through 2 are realleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853, and Title 18, United States Code, Section 982(a)(1).

2. As a result of the commission of the felony offense alleged in Count 1 of this Superseding Information, said violation being punishable by imprisonment for more than one year and pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), defendant DOUGLAS BOWEN, shall, upon conviction, forfeit to the United States all his rights, title and interest in any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of the offense, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count 1 of this Superseding Information.

3. Upon conviction of the offense alleged in Count 2 of this Superseding Information, and pursuant to Title 18, United States Code, Section 982(a)(1), defendant DOUGLAS BOWEN, shall forfeit to the United States, all property, real and personal, involved in such offense, and all property traceable to such property.

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of the defendant up to the value of the property listed above as being subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853, and Title 18, United States Code, Section 982.

DATED: April 22, 2021.

                                RANDY S. GROSSMAN
                                Acting United States Attorney

By: *Matthew Sutton*
MATTHEW J. SUTTON
MARIO J. PEIA
Assistant U.S. Attorneys

4